1  ROBERT D. CONAWAY Bar No. 119657
   LAW OFFICE of ROBERT D. CONAWAY
2  Post Office Box 2655
   Apple Valley CA 92307
3  Phone: (760) 503-9010
   email: rdconaway@gmail.com
4
   Attorney for DAWN D. TURNBULL
5

6              **UNITED STATES DISTRICT COURT**

7         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

8                    **EASTERN DIVISION**

9

10  DAWN D. TURNBULL                    )  Case No.
                                        )
11                                      )
                                        )
12                                      )
              Plaintiff                 ) FAIR  LABOR STANDARDS ACT CLAIM
13                                      ) FOR RELIEF  [29 USC  201, 215(a)(3) 216(b)]
    v                                   )
14                                      )
    ORO GRANDE SCHOOL DISTRICT, DOES   )
15  1-10                                )
                                        )
16            Defendants                )
                                        )
17  _____ )

18

19

20

21         PLAINTIFF'S  SECOND  FLSA  RETALIATION  CLAIM  FOR  RELIEF

22        1. This court has federal question jurisdiction over the subject matter of this action per

23  28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the

24  Fair Labor Standards Act, 29 U.S.C. § 216(b). Plaintiff DAWN TURNBULL [hereafter

25  "plaintiff] further alleges that the applicable FLSA's anti-retaliation provision for this action

26  states:

27  //

28  //

1

2

3

4

> It shall be unlawful for any person — (3) to discharge *or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter*, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee. 29 U.S.C. § 215(a) (emphasis added).

5

6

7

8

9

10

11

12

2. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this District, the employer [ORO GRANDE SCHOOL DISTRICT & its agents, representatives and assigns are designated as DOES 1-10 which plaintiff reserves the right to amend to name should the evidence point to an agent being a legal cause of the violations alleged herein. The venue of the underlying and pending FLSA retaliation action pending against Oro Grande School District and Doe defendants named herein are domiciled and or doing business in this District.

13

3. Plaintiff, lives in the District where the violations took place and continues to..

14

15

16

17

18

4. Plaintiff is informed and believes and thereon alleges that Defendants ORO GRANDE SCHOOL DISTRICT & DOES 1-10 retaliated against plaintiff for having brought a civil action under the Fair Labor Standard Act under Case Nos. 5:17-cv-01787-JGB-KK & for bringing a retaliation claims under Case No. 5:21-cv-0082-JGB (SHKx).

19

20

21

22

23

24

25

26

27

28

5. Plaintiff further alleges that under Section 203(d), the FLSA anti-retaliation protection attaches to "any person acting directly or indirectly in the interest of an employer in relation to an employee" consistent with Congressional intent to extend section 215(a)(3)'s reach beyond actual employers. In Arias v. Raimondo, 860 F.3d 1 185, 191-92 (9th Cir. 2017), the Court held that an employee retaliated against for complaining of illegal pay practices could even sue the employer's outside attorney responsible for the retaliation. Arias v. Raimondo, 860 F.3d 1 185 (9th Cir. 2017) and the same Court found that even though the attorney was not the employer, the attorney's conduct was an attempt to penalize the employee for complaining about his pay and, therefore, "manifestly falls within the purview, the purpose, and the plain language" of the FLSA. Arias at 119

6. Under the Fair Labor Standards Amendments of 1977, Pub. L. No. 95-151, 91 . Stat. 1252 (Nov. 1, 1977), those who claim FLSA retaliation can seek "such legal or equitable relief as may be appropriate." 29 U.S.C. 216(b), which can include compensation for emotional injuries suffered by an employee because of employer retaliation, compensatory damages and punitive damages. Lambert v. Ackerley, 180 F.3d 997 (9th Cir. 1999).

7. On March 27, 2023 Oro Grande School District and Does 1-10 represented at a final pretrial conference in EDCV 21-0082 JGB (SHKx) to Dawn Turnbull by and through her counsel [and to the Court in EDCV 21-0082 JGB (SHKx)] that the retaliation case [EDCV 21-0082 JGB (SHKx)], which was only an action under the FLSA had settled for $75,000 new money with no offsets or set offs.

8. The Court in EDCV 21-0082 JGB (SHKx) consistent with the statements made at the final pretrial, ordered [copy of Document 48 EDCV 21-0082 JGB (SHKx) attached as Exhibit "A"] in the case would be wrapped up and a proper stipulation and order for dismissals or judgment be filed by April 27, 2023.

9. In the time set out by the Court, the defendant did not prepare a release causing a dismissal of plaintiff's claims for relief in Case No. 5:21-cv-0082-JGB (SHKx) , forcing plaintiff's counsel to prepare and forward one to defense May 15, 2023 to try and salvage the settlement and effect the presumed intent of the parties [attached as Exhibit "B" is a confirmation of receipt] one of which was sent to counsel for the Oro Grande School District.

10. Plaintiff is informed and believes and thereon alleges she was being retaliated against due to her having brought and maintained an active FLSA action by defendants and each of them by not within the time frame expected by the Court and agreed to by counsel at the final pretrial hearing so to cause severe emotional upset, anxiety, distress and financial loss by:

(a) using the pretext that OGSD wanted to settle the EDCV 21-0082 JGB (SHKx)

1   with plaintiff when in fact they intended to vacate the trial date for which defendants had

2   not prepared their defense for by conducting any pretrial discovery and thereby punish

3   plaintiff with a costly and prejudicial delay on a wage dispute springing out of a near

4   decade long violation of the FLSA;

5       (b) OGSD not specifically agendizing a proposed settlement for review, vote and

6   approval in compliance with the California Brown Act by acting within the time frame

7   expected by the Court and agreed to by counsel at the final pretrial hearing in Case No.

8   5:21-cv-0082-JGB (SHKx) ;

9       (c) by OGSD not directing counsel to draft a release & settlement agreement only

10   addressing the retaliation claims EDCV 21-0082 JGB (SHKx) but instead using the

11   release and settlement agreement platform to force a release a myriad of California

12   claims, duties and rights within the time frame expected by the Court and agreed to by

13   counsel at the final pretrial hearing:

14       (d) When plaintiff drafted a settlement agreement and release because OGSD had

15   not drafted one within the time frame expected by the Court and agreed to by counsel at

16   the final pretrial hearing, OGSD rejected it because OGSD  pretextually claimed wanted

17   two separate agreements, one for the FLSA case and one for a state case;

18       (e) When plaintiff suggested to duplicate the agreement and change the case name,

19   the dollar amounts and case numbers, OGSD rejected that;

20       (f) When plaintiff saw an OGSD release and settlement agreement on the FLSA

21   retaliation case [Case No. 5:21-cv-0082-JGB (SHKx)] months after the agreed to

22   timeline, it released various rights and claims not part of the FLSA retaliation case in

23   effect a poisoning the well tactic;

24       (g) by OGSD directing counsel to not in good faith engage in any what was

25   needed to resolve EDCV 21-0082 JGB (SHKx) within the time frame expected by the

26   Court and agreed to by counsel at the final pretrial hearing and by ignoring emails dated

27   May 10, 2023, June 5, 2023, June 23, 2023, June 28, 2023, July 7, 2023, July 18,and

28

August 31, 2023, OGSD constructively not only has repudiated the agreement made at the final pretrial in EDCV 21-0082 JGB (SHKx) , but has caused plaintiff additional loss and damages.

(h) By numerous other acts including but not limited to not returning weekly phone calls with no status or explanation as to why the delay and when it would end.

11. That the above acts are in effect a constructive withdrawal of the settlement offer and done, plaintiff is informed and believes, in retaliation for her exercising her right of petition, has caused needless additional physical, financial and emotional suffering.

12. As a result of Defendant's retaliation, Plaintiff has suffered additional damages, including but not limited to, emotional distress, lost income potential, further erosion of her credit rating from medical bills, legal costs, loss of interest that could have been gained on deposited funds or saved having to obtain loans to pay expenses the settlement was intended to cover and attorney fees and costs.

13. OGSD's conduct was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiffs protected petition rights, entitling Plaintiff to an award of punitive damages against the defendants and Does 1-10.

14. For these acts of retaliation, Plaintiff seeks general and compensatory damages, emotional distress, and punitive damages, as well as attorney's fees and costs, pre- and postjudgment interest, and such other legal and equitable relief as this Court deems just & proper.

15. Plaintiff is entitled to an award of punitive damages against OGSD and Does 1-10.

### PRAYER FOR RELIEF

16. For these reasons, Plaintiff respectfully requests that judgment be entered for

a. General damages for emotional distress due to the retaliation for $750,000

b. General damages resulting from aggravation of her emotional and physical injuries for $750,000;

c. Punitive damages according to proof and applicable case authority;

c. Reasonable attorney's fees, costs & expenses of this action under the FLSA;

d. Such other and further relief to which Plaintiff may be entitled, both in law and in equity, including but not limited to a declaration that defendants act were unlawful under the Fair Labor Standard Act sections cited above.

Date September 1, 2023                    LAW OFFICE of ROBERT D. CONAWAY

By: _____
ROBERT D. CONAWAY, Attorney for
DAWN D. TURNBULL, Plaintiff

DEMAND FOR JURY TRIAL JURY

Pursuant the rights under the Constitution of the United States, U.S. CONSTITUTIONAL amend. VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

Date September 1, 2023                    LAW OFFICE of ROBERT D. CONAWAY

By: _____
ROBERT D. CONAWAY, Attorney for
DAWN D. TURNBULL, Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **EDCV 21-0082 JGB (SHKx)**          Date   March 27, 2023

Title   *Dawn Turnbull v. Oro Grande School District, et al.*

---

Present: The Honorable     JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

---

| MAYNOR GALVEZ | Phyllis A. Preston |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):          Attorney(s) Present for Defendant(s):

Robert Dean Conaway                  Michal J. Marlatt

**Proceedings:   PRETRIAL CONFERENCE**

Counsel informed the Court that the case settled and requested 30 days to file their stipulated dismissal. Accordingly, the trial is vacated.

By April 27, 2023, the parties shall file either (1) a proper stipulation and order for dismissal or judgment or (2) a motion to reopen if settlement has not been consummated. Upon the failure to timely comply with this Order, this action shall be deemed dismissed as of April 28, 2023. This Court retains full jurisdiction over this action and this Order shall not prejudice any party.

**IT IS SO ORDERED.**



EXHIBIT A

**CIVIL MINUTES—GENERAL**          Initials of Deputy Clerk MG
                                                               Time: 00:05

7

 Gmail                    Robert Conaway <rdconaway@gmail.com>

# Settlement agreement on Turnbull cases

**Daniel Faustino** <dfaustino@tclaw.net>            Mon, May 15, 2023 at 1:29 PM

To: Robert Conaway <rdconaway@gmail.com>, Mike Marlatt
<mmarlatt@tclaw.net>
Cc: Maria Millican <mmillican@tclaw.net>, Lori Pap <lpap@tclaw.net>

Robert:

Thanks for preparing the draft. I can take a look at this this afternoon and will
circle back with you with any changes by today.

Thanks,

Dan

[Quoted text hidden]

Exhibit B

8